

FILED

**NOT FOR PUBLICATION**

FEB 10 2014

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARWAN MOHTADI, individually and on behalf of himself and all others similarly situated,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>HOMECOMINGS FINANCIAL, LLC, FKA Homecoming Financial Network, Inc.; PROVIDENT FUNDING ASSOCIATES, LP; SPIRAT PANAPOL; ALYCIA KHEOIM ARJAREE; NEIGHBORHOOD REAL ESTATE SOLUTIONS,<br><br>             Defendants - Appellees. | No. 12-55061<br><br>D.C. No. 2:11-cv-03735-GAF-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District Judge.**

Plaintiff-Appellant Marwan Mohtadi appeals the district court's dismissal with prejudice of his claims under the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA"). We affirm.

All of Mohtadi's claims stem from the increase in monthly mortgage payments that occurred years after the alleged fraudulent refinancing by Provident. Mohtadi cannot state a claim under RESPA because he cannot allege an assignment, sale, or transfer of the servicing of his Homecomings loan within the meaning of the Act. *See* 12 U.S.C. § 2605(c). He alleges a refinancing, not a transfer of the servicing of an existing loan.

Mohtadi cannot state a claim under the FDCPA because Provident is not a debt collector within the meaning of the Act. Provident was not collecting monies owed a third party. *See* 15 U.S.C. § 1692a(6)(F).

Mohtadi cannot state a claim under FCRA. Provident is a lender and is not a consumer reporting agency for purposes of liability under 15 U.S.C. § 1681e(b). *See id.* § 1681a(f). Section 1681s-2 of FRCA deals with information furnished to

---

** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

consumer reporting agencies.  There is no private right of action for violations of 15 U.S.C. § 1681s-2(a).  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  Mohtadi has not identified any investigatory failing and thus cannot plausibly allege a violation of 15 U.S.C. § 1681s-2(b).

The district court did not abuse its discretion in taking judicial notice of publicly recorded documents.  *See* Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The district court expressly assumed that Mohtadi never executed a loan agreement with Provident and therefore did not judicially notice any disputed fact.

Sanctions were warranted.  Rule 11, however, does not allow the district court to impose sanctions payable to a party on the basis of a sua sponte show cause order.  *See* Fed. R. Civ. P. 11(c)(4); Advisory Committee's Notes to the 1993 Amendments to Rule 11; *see also Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).  We uphold the district court's award of sanctions under 28 U.S.C. § 1927. The district court did not abuse its discretion in requiring Mohtadi to pay the costs Provident incurred in opposing his untimely and procedurally improper ex parte application.

**AFFIRMED**.

3